**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0345n.06
Filed: May 14, 2006

**Nos. 06-5552**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SEDLEY ALLEY, | ) | |
| | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| WILLIAM R. KEY, | ) | District of Tennessee |
| | ) | |
| *Defendant-Appellee*; | ) | |
| | ) | |
| WILLIAM L. GIBBONS, | ) | |
| | ) | |
| *Intervenor-Appellee*. | ) | |
| | ) | |
| | ) | |

**Before:** **BOGGS, Chief Judge; RYAN and BATCHELDER, Circuit Judges**.

**BOGGS, Chief Judge.** Sedley Alley, a death row inmate convicted in 1987 by a

Shelby County, Tennessee jury of kidnaping, rape, and first-degree murder, appeals the district

court's dismissal of his action brought pursuant to 42 U.S.C. § 1983 seeking injunctive relief in the

form of access to certain physical evidence, now in the custody of the state court, for the purpose

of DNA testing. William R. Key is the Clerk of the Criminal Court of the Thirtieth Judicial District

No. 06-5552
Sedley Alley v. William R. Key

of Tennessee. William L. Gibbons is the District Attorney General of the same state judicial district.

We **AFFIRM** the decision of the court below.

**I**

Alley seeks access to test for DNA evidence, at his own cost, a stick found inside the victim's body, the victim's underwear found at the scene, another set of purportedly men's underwear also found at the scene, the victim's shorts, bra, shirt, shoes, and a sock. These items were introduced as evidence at his trial. He claims to expect to identify "semen, urine, skin cells, or other biological samples from the perpetrator . . . ." (Appellant's Brief, 12)

Alley confessed to most features of the brutal attack on 19 year-old Marine Suzanne Marie Collins only hours after it occurred, and he walked law enforcement authorities through the crime scene shortly after his arrest. He never asserted his innocence either at trial or until very lately in the nineteen years since his conviction. *See, e.g.*, *State v. Alley*, 776 S.W.2d 506, 508-10 (Tenn. 1989). However, he now requests access to physical evidence as part of a last-minute claim of actual innocence.

Alley first sought post-conviction DNA analysis in a petition to the Shelby County Criminal Court, pursuant to Tenn. Code Ann. §§ 40-30-403 and 304, filing his request on May 4, 2004, following the federal district court's denial of his habeas petition and affirmance of that decision by our court. *Alley v. Bell*, 101 F. Supp. 2d 588 (W.D. Tenn. 2000), *aff'd,* 307 F.3d 380 (6th Cir. 2002), *cert. denied,* 540 U.S. 839 (2003). The state trial court denied Alley's DNA analysis petition, finding that Alley had not demonstrated that he was entitled to DNA analysis pursuant to § 40-30-303 or that he satisfied the requirements for a discretionary order for DNA testing pursuant to § 40-

No. 06-5552
Sedley Alley v. William R. Key

30-304. The Tennessee Court of Appeals affirmed. *Alley v. State*, No. W2004-0124-CCA-R3-PD, 2004 WL 1196095 (Tenn. Crim. App. May 26, 2004) (app. denied Oct. 4, 2004). The United States Supreme Court denied certiorari. *Alley v. Tennessee*, 544 U.S. 950 (2005). Alley then initiated this action, which was dismissed by the district court on April 20, 2006, for failure to state a claim on which relief may be granted. We granted Alley's motion for expedited briefing of the appeal from this dismissal. (Order, May 9, 2006)

## II

A successful claim brought pursuant to 42 U.S.C. § 1983 must identify both a right guaranteed by the United States Constitution and a deprivation of that right by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Though this case and its expedited briefing schedule do not encourage a definitive ruling on all aspects of the matter, we agree for purposes of the dispute now before us, with the district court's ruling that there exists no general constitutional right to post-judgment DNA testing.

Specifically, we concur with the district court's finding that Alley enjoys no procedural due process right to post-conviction DNA testing. Nor does Tennessee's Post-Conviction DNA Analysis Act create such a right. Tenn. Code Ann. § 40-30-301 *et seq*. The state-imposed requirements for securing DNA analysis under the Act do not themselves create any unconstitutional deprivation. Finally, Alley was not deprived of his right under state law to petition for DNA analysis. His petition was simply denied under state law.

Similarly, we find that Alley has no substantive due process right that supports the relief he seeks. We find that the defendant's denial of Alley's request for access to the evidence does not

No. 06-5552
Sedley Alley v. William R. Key

"shock the conscience." *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988). Key, a clerk, may grant access only in accordance with state law. In this dispute, he has thus far operated consistently with state law. The conduct of Gibbons, the local District Attorney General, in opposing access likewise does not rise to the level of constitutional error here. It is neither arbitrary nor capricious for him to defend legally what has to date been viewed as valid state practice in the handling of extremely belated requests for examination of alleged DNA evidence. We note also that, though Alley seeks access to DNA testing as part of his campaign for executive clemency, he does not have a substantive due process right to clemency proceedings. *Herrera v. Collins*, 506 U.S. 390, 414 (1993). Therefore, no substantive due process right can attach to procedures, such as the access and testing desired here, that he seeks collaterally to his petition for clemency.

Nor does *Brady v. Maryland*, 373 U.S. 83 (1963) demand the relief Alley seeks. Alley's suit does not claim that he was denied access to this physical evidence during his trial, or even that he was denied a fair trial. *Brady* cannot be said to reach post-conviction access for DNA testing in the circumstances presented by the case before us. The district court correctly noted that *Brady* requires no relief in this matter because, *inter alia*, "it remains purely a matter of speculation whether the evidence Plaintiff requests will tend to exculpate or otherwise prove favorable to him." (District Court Opinion of May 4, 2004, at 19)

Neither the Eighth nor Ninth Amendments commands William R. Key to grant access to the physical evidence in this case for the purposes of DNA testing. It is true that a majority of the Supreme Court has said that the Eighth Amendment prohibits execution of innocents. See, e.g., *Herrera*, 506 U.S. 419 (O'Connor, J., concurring); *id*. at 431-32 (Blackmun, J., dissenting).

- 4 -

However, it is also true that Alley files his § 1983 action as a "legally guilty" man. *Id*. at 419

(O'Connor, J., concurring). The compelling evidence of Alley's guilt–including his confession, his

description to law enforcement authorities of his acts, and the eyewitness testimony against

him–strongly suggest that he could never accurately be considered actually innocent of the crime,

no matter the result of the analysis he now seeks. Moreover, the Ninth Amendment has never yet

been understood, by any federal court, to require post-conviction DNA testing.

**III**

For the forgeoing reasons, we **AFFIRM** the ruling of the court below.